IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

THE NEW HAMPSHIRE INSURANCE
COMPANY,

                Plaintiff,         Case No. 3:05 CV 7284

-vs-

                                    MEMORANDUM OPINION

MARINEMAX OF OHIO, INC.,
et al.,

                Defendant.

KATZ, J.

Plaintiff New Hampshire Insurance Co. ("NHIC") moves to dismiss the counterclaims of Defendant MarineMax of Ohio, Inc. ("MarineMax"), and to strike its affirmative defenses and answer, for failure to comply with the Federal Rules of Civil Procedure. (Doc. No. 7). MarineMax has responded (Doc. Nos. 10 & 11); NHIC has replied (Doc. No. 12). The Court denies the motion.

## BACKGROUND

NHIC insured MarineMax under a yacht dealer's and marine operator's policy ("the Policy"). Dissatisfied with a boat purchase, Defendant Douglas Borror sued MarineMax in state court, winning treble and punitive damages and attorneys' fees. NHIC filed the present lawsuit against MarineMax and Borror, seeking a declaration that the Policy did not obligate it to indemnify and defend MarineMax against Borror's lawsuit. MarineMax answered, asserting

affirmative defenses and a three-count counterclaim, consisting of a claim for breach of contract, a claim for declaratory relief, and a claim for attorneys' fees.

### DISCUSSION

NHIC now moves to dismiss MarineMax's counterclaim and to strike its affirmative defenses and certain of its responses to NHIC's allegations. NHIC argues that the counterclaim contains insufficient allegations to properly advise it of MarineMax's claims, that the affirmative defenses contain insufficient facts to advise it of MarineMax's asserted defenses, and that the responses fail to address the allegations and do not meet the requirements of the Federal Rules. NHIC's arguments are not well-taken.

*A. Counterclaim*

Rule 8(a)(2) requires only that claims for relief set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the plaintiff must merely "give the defendant fair notice of what the plaintiff's claim is and the grounds on which is rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Essentially, then, the plaintiff must provide enough information to allow the defendant to know what issues to delve into during discovery. "No technical forms of pleading . . . are required." Fed. R. Civ. P. 8(e)(1). Pleading under the Federal Rules is not a "game of skill in which one misstep by counsel may be decisive to the outcome. . . ." *Conley*, 355 U.S. at 48.

The Forms accompanying the Federal Rules demonstrate the simple nature of pleadings that meet Rule 8's requirements. Form 12, a complaint for specific performance of a contract to convey land, illustrates an adequate claim for breach of contract:

> 1. Allegation of jurisdiction.
>
> 2. On or about December 1, 1936, plaintiff and defendant entered into an agreement in writing a copy of which is hereto annexed as Exhibit A.
>
> 3. In accord with the provisions of said agreement plaintiff tendered to defendant the purchase price and requested a conveyance of the land, but defendant refused to accept the tender and refused to make the conveyance.
>
> 4. Plaintiff now offers to pay the purchase price.
>
> Wherefore plaintiff demands (1) that defendant be required specifically to perform said agreement, (2) damages in the sum of one thousand dollars, and (3) that if specific performance is not granted plaintiff have judgment against defendant in the sum of ---------------- dollars.

Fed. R. Civ. P. App. Form 12. Though the form indicates that the contract at issue is attached, it does not incorporate relevant provisions into the body of the complaint, nor does it explain which provisions underlie the claim, or why. Rather, it merely alleges that the parties entered into a contract, that the contract required the defendant to take a certain action, that the plaintiff fulfilled its obligation, and that the defendant did not.

Count One of MarineMax's counterclaim does no less. In similar terms, it asserts that: NHIC and MarineMax entered into a contract, which is attached to the pleading; the contract required MarineMax to indemnify and defend against claims within the terms of the policy; Borror brought such a claim against MarineMax; NHIC failed to defend and indemnify MarineMax, resulting in damages, including attorneys' fees, to be paid to Borror; and that MarineMax paid the required premiums. These allegations are sufficient to put NHIC on notice of MarineMax's claim

(breach of the Policy providing for indemnification and defense) and the grounds on which it lies (NHIC's failure to indemnify and defend against the Borror lawsuit). Likewise, Counts Two and Three adequately inform NHIC that MarineMax seeks a declaration and attorneys' fees, based on its Count One contention that the contract was breached.

Additionally, Count One contains "allegations with respect to all material elements necessary to sustain a recovery" for breach of contract, as required by *Performance Contracting, Inc. v. Seaboard Sur. Co.*, 163 F.3d 366, 369 (6th Cir. 1998). *See Doner v. Snapp*, 649 N.E.2d 42, 44 (Ohio Ct. App. 1994) (the elements of a claim for breach of contract are "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff").

NHIC accuses MarineMax of "hiding its cards" by asserting only the above. Specifically, NHIC complains that MarineMax fails to explain its basis for contending that NHIC breached the contract, and fails to assert any provisions in the Policy supporting the claim. NHIC has made it quite clear that it is impatient to discover precisely upon what theory of liability MarineMax relies. *See* (Doc. No. 12, p. 4) (pouting, "is it so difficult for MarineMax to point to at least one provision of the Policy to support its contention of coverage?"). However, much as NHIC may dislike waiting, the Federal Rules permit MarineMax to simply notify NHIC that it has breached a particular contract by not performing a certain action, and to reserve further details until discovery. MarineMax is not required to litigate its claims in the pleadings. NHIC is on notice that MarineMax claims *some* provision of the policy entitles it to coverage. In discovery, NHIC is free to ask MarineMax what those provisions are.

NHIC suggests that the best way to see the inadequacies in MarineMax's counterclaim is to compare it to NHIC's own, far superior complaint. That complaint, NHIC crows, consists of "over 40 allegations," sets forth specific provisions of the policy, and explains why those provisions support its claims. However proud NHIC's counsel may be of their own efforts, NHIC's inclusion of legal argument in its complaint does not alter Rule 8's emphasis on "notice pleading," nor its requirement that a complaint merely set forth a short and plain statement of the claim, as exemplified, in this case, by Form 12. The motion to dismiss the counterclaim is denied.

*B. Affirmative Defenses*

Like claims, defenses must be set forth "in short and plain terms." Fed. R. Civ. P. 8(b). Rule 8(c) requires that certain affirmative defenses shall be set forth affirmatively. However, this does not mean that they must be pleaded with particularity. *See, e.g.*, *Baker v. Detroit*, 483 F. Supp. 919, 921 (E.D. Mich. 1979) *aff'd on other grounds, sub nom Bratton v. Detroit*, 704 F.2d 878 (6th Cir. 1983). Rather, a defendant's assertion of an affirmative defense is adequate when it gives the plaintiff fair notice of the defense. *Resolution Trust Corp. v. Baker*, 1994 U.S. Dist. LEXIS 19011, at *19 (N.D. Ohio 1994). Rule 8(c) is designed to ensure that a defendant has notice that a particular defense is in play in the case, not necessarily how that defense applies:

> The requirement that affirmative defenses be specifically pleaded is based on notions of fair play. A party should not have to deal with an extraneous issue in a lawsuit unless it is specifically brought to his attention. At the same time, hypertechnicality in pleading requirements should be avoided. Thus, liberal pleading rules are equally applicable to the pleading of affirmative defenses. More important, what matters is not whether the magic words "affirmative defense" appears in pleadings, but whether the Court and the parties were *aware of the issues involved*.

5

*Baker*, 483 F. Supp. at 921 (emphasis added) (citation omitted). Along that line, defenses should not be stricken where the law or facts determining their application are unclear. *Resolution Trust Corp*, 1994 U.S. Dist. LEXIS 19011, at *19-20.

Form 20 contains an example of an affirmative defense adequate under the Federal Rules. It reads, in relevant part:

> The complaint fails to state a claim against defendant upon which relief can be granted.

Fed. R. Civ. P. App. Form 20.

NHIC complains of three types of MarineMax's affirmative defenses: those asserting that some of NHIC's claims are preempted; those claiming that NHIC has waived certain coverage defenses through its actions and inactions; and those stating that portions of NHIC's complaint fail to state a claim on which relief can be granted. NHIC claims it has no idea which claims are preempted and by which provisions of the Policy, which actions waived which defenses, and which portions of its complaint allegedly fail to state a valid claim.

However, the defenses as pled are adequate to put NHIC on notice that preemption, waiver, and failure to state a claim are at issue in this case. The questions in the preceding paragraph are precisely the ones NHIC should ask MarineMax in discovery. As Form 20 demonstrates, MarineMax need not, at this time, explain which parts of the complaint fail to state a claim or why, or, likewise, how preemption or waiver applies. The Court will not strike MarineMax's affirmative defenses.

*C. Responses to the Complaint*

The federal rules require a defendant to "admit or deny the averments upon which the adverse party relies." Fed. R. Civ. P. 8(b). "Denials shall fairly meet the substance of the averments denied." *Id*.

NHIC criticizes MarineMax's use of the response "the document speaks for itself" to address portions of the complaint setting forth provisions of the Policy, and its use of the response that certain allegations "state[] a legal conclusion to which no answer is required." NHIC urges the Court to strike the offending responses.

MarineMax acknowledges that it does not claim NHIC's recitation of the Policy's provisions is inaccurate. The Court will deem MarineMax's responses that the documents "speak for themselves" to be admissions that the documents read as NHIC represents. The Court will deem MarineMax's responses that certain allegations contain "legal conclusions" to be denials placing those conclusions at issue, unless, prior to the Case Management Conference on January 23, 2006, MarineMax amends its answer to admit any of NHIC's legal allegations. *Cf*. Fed. R. Civ. P. 8(f) ("All pleadings shall be construed so as to do substantial justice."). The motion to strike is denied.

## **CONCLUSION**

Based on the foregoing, NHIC's Motion to Dismiss Counterclaim and Strike Affirmative Defenses, and Answer of MarineMax of Ohio, Inc. (Doc. No. 7) is denied.

IT IS SO ORDERED

                                             S/ *David A. Katz*
                                             DAVID A. KATZ
                                             SENIOR U. S. DISTRICT JUDGE